No. 22-10220-BB

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

AMERICAN GENERAL LIFE INSURANCE COMPANY,

*Plaintiff-Appellee,*

v.

O.H.M. a/k/a O.H.S., a minor,

*Defendant-Appellee,*

v.

LISA MAHARAJH, In her individual capacity,
And LISA MAHARAJH, as Personal Representative of
The Estate of Dev-Anand A. Maharajh

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Florida, Tampa Division
No.:  8:20-cv-01581

---

**APPELLANT'S OPENING BRIEF**

---

**MICHAEL E. BEAM, ESQUIRE**
DORAN, BEAM & FARRELL, P.A.
6641 Madison Street
New Port Richey, Florida 34652
(727) 846-1000
Bar No.: 087106
*Attorney for Appellant, Lisa Maharajh*

No. 22-10220-BB

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

AMERICAN GENERAL LIFE
INSURANCE COMPANY

Plaintiff / Appellee

v.

O.H.M., et al.,

Defendant / Appellee

_____

**APPELLANT'S CERTIFICATE
OF INTERESTED PERSONS (C-1 OF 3.)**

_____

1. AGC Life Insurance Company – Parent Company of Appellee American General Life Insurance Company

2. AIG Life Holdings, Inc. – Parent Company of Appellee American General Life Insurance Company

3. American General Life Insurance Company (AGLIC) – Appellee

4. American International Group, Inc. – Parent Company of Appellee American General Life Insurance Company (Stock Ticker Symbol: AIG)

5. Beam, Michael – Attorney for Appellant, Lisa Maharajh

## No. 22-10220-BB

## APPELLANT'S CERTIFICATE
## OF INTERESTED PERSONS – (C-2 OF 3.)

6.  Bressler, Amery & Ross, P.C. – counsel for Appellee, AGLIC

7.  Donahue, David – Attorney for Appellee, AGLIC

8.  Doran, Beam & Farrell, P.A. – counsel for Appellant, Lisa Maharajh

9.  Ewusiak, Joel – attorney for Appellee, O.H.M.

10. Ewusiak, Law, P.A. – Counsel for O.H.M.

11. Hoover, Michael – counsel for Appellee, O.H.M.

12. Interpleader Law, LLC – counsel for Appellee, O.H.M.

13. Jung, William F. – Judge, Middle District of Florida

14. Maharajh, Lisa – Appellant

15. Mendez, Louis F. – counsel for Appellee, AGLIC

16. O.H.M. – Appellee

17. SAFG Retirement Services, Inc. – Parent Company of AIG Life Holdings, Inc.

No. 22-10220-BB

**APPELLANT'S CERTIFICATE**
**OF INTERESTED PERSONS – (C-3 OF 3.)**

18. Tuite, Hon. Christopher P. – District Court Magistrate Judge

_____
**MICHAEL E. BEAM, ESQUIRE**
DORAN, BEAM & FARRELL, P.A.
6641 Madison Street
New Port Richey, Florida 34652
Tel. (727) 846-1000 / Fax (727) 817-0998
Email: pleadings@pascolawteam.com
_Attorney for Appellant, Lisa Maharaj_

## STATEMENT REGARDING ORAL ARGUMENT

Defendant / Appellant, Lisa Maharajh, respectfully requests that oral argument be heard in this case because the Court's decisional process would be significantly aided by oral argument. *See* Fed. R. App. P. 34(a)(2).

# TABLE OF CONTENTS

Page

Certificate of Interested Persons and Corporate Disclosure Statement …c-1

STATEMENT REGARDING ORAL ARGUMENT …………………..……..…   i

TABLE OF CONTENTS …………………………………………….………   ii

TABLE OF CITATIONS …………………………….…………………………iv

JURISDICTIONAL STATEMENT ………………………………....…………vii

STATEMENT OF THE ISSUES ………………………….…………….……... 1

STATEMENT OF THE CASE …….……….….………………………………. 2

    I.      Nature of the Case………………...…………………………….2

    II.     Procedural History………………………………………….....2

    III.    Statement of the Facts……………….……………………….4

    IV.    Standard of Review……………………………………………7

SUMMARY OF THE ARGUMENT ………………………….……………9

ARGUMENT……………………………………………………………13

    I.      The District Court erred in finding that Lisa Maharajh
           failed to meet her burden of proving Dev-Anand's
           November 8, 2009 change of beneficiary request
           strictly complied with the policy terms. ………………...…….13

# TABLE OF CONTENTS

**Page**

    A. Only the insurance policy, and nothing else, sets forth the terms with which the owner/insured must strictly comply in order to change a beneficiary.........................14

    B. Dev-Anand did strictly comply with the terms in the policy governing change of beneficiaries........................16

    C. The district court judge improperly applied a standard for measuring strict compliance set forth in *Logus* which is a misstatement of Florida law based on dicta, rather than the holding of the Florida Supreme Court in *Sheppard v. Crowley*.................................................18

II.   The District Court erred in finding that American General's refusal to accept Dev-Anand's change of primary beneficiaries was objectively reasonable.............................................22

    A. Dev-Anand's change of beneficiary request sufficiently identified his designated primary beneficiaries to allow American General to act on the request.........................................................23

    B. The "other action we take" clause is so broad and ambiguous, that it should be construed against American General and in favor of the insured..............24

    C. Nothing in the policy precludes American General from recording the November 8, 2009 beneficiary change request now, which would make it effective as of the date signed by Dev-Anand......25

# TABLE OF CONTENTS

**Page**

CONCLUSION ……………………………………………………………..28

CERTIFICATE OF COMPLIANCE [if required by FRAP 32(g)] ………..30

CERTIFICATE OF SERVICE [if required by FRAP 25(d))] ……………..31

# Table of Citations

**Cases**                                                                                    **Page(s)**

Am. Strategic Ins. Co. v. Lucas-Solomon,
      927 So. 2d 184 (Fla. 2d DCA 2006)…………………………………………14

Anderson v. Liberty Lobby, Inc.,
      477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)………………..……8

Augusta Iron and Steel Works v. Employers Ins. Of Wausau,
      835 F. 2d 855 (11th Cir. 1988)…………………………………………..……9

Bray & Gillespie v. Valiant Ins. Co.,
      No. 6:00-cv-1389-Orl-22C, 2002 U.S. Dist. LEXIS 25338,
      (M.D. Fla. 2002)……………………………………………………..……9

Brown v. Di Petta,
      448 So. 2d 561 (Fla. 3d DCA 1984)………………………………..13, 21

Erie R.R. Co. v. Tompkins,
      304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)………………………..13

Freund v. Freund,
      218 Ill. 189, 75 N.E. 925 (Ill. 1905)……………………………………..22

Gerstel v. Arens,
      196 So. 616 (Fla. 1940)………………………………………………………13

Holly v. Clairson Indus., L.L.C.,
      492 F.3d 1247 (11th Cir. 2007)………………………………….........................8

James River Ins. Co. v. Ground Down Eng'g., Inc.,
      540 F. 3d 1270 (11th Cir., 2008)…………………………………………..8

Kurz v. New York Life Ins. Co.,
      168 So. 2d 564 at 567 (Fla. 1st DCA 1964)……………………………..27

## Table of Citations – Page 2

**Cases**                                                    **Page(s)**

Lincoln Benefit v. LaFrance,
    2017 WL 4861308 at *3 (M.D. Fla Sept. 18, 2017)…..10, 11, 18, 19, 20, 22

Martinez v. Saez,
    650 So. 2d 668 (Fla. 3d DCA 1995)………………………………14, 15, 16

Miller v. Gulf Life Ins. Co.,
    12 So. 2d 127, 129 (Fla. 1943)……………………………………….…..21

O'Brien v. McMahon,
    44 So. 3d 1273 (Fla. 1st DCA 2010)…………………..13, 14, 15, 22, 23, 24

Protective Life Ins. Co. v. Walker,
    No. 8:09-cv-363-T-EAJ at 2, (M.D. Fla. Jan. 7, 2010)……………….…8

Ruderman v. Wash. Nat'l Ins. Corp.,
    671 F. 3d 1208 (11th Cir. 2012)……………………………………………24

Scott v. Harris,
    550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007)……………….…8

Sheppard v. Crowley,
    55 So. 841 (Fla., 1911)……………………………..12, 14, 17, 19, 20, 21, 22

Shuster v. N.Y. Life Ins. Co.,
    351 So. 2d 62, 64 (Fla. 3d DCA 1977)…………………………………21, 28

United States Life Ins. Co. v. Logus Mfg. Corp.,
    845 F. Supp. 3d 1303 (S.D. Fla. 2012)……8, 11, 12, 17, 18, 19, 20, 21, 22

Walker v. State Farm Fire & Casualty Co.,
    758 So. 2d 1161 (Fla. 4th DCA 2000)………………………………….14

## STATEMENT OF THE ISSUES

1.  Whether the District Court erred in finding that Lisa Maharajh failed to prove that Dev-Anand Maharajh's November 8, 2009 request to change beneficiaries strictly complied with the terms of the American General Life Insurance policy.

2.  Whether the District Court erred in applying <u>Lafrance's</u> and <u>Logus's</u> misstated standards for evaluating strict compliance to Dev-Anand Maharajh's November 8, 2009 change of beneficiary request.

3.  Whether the District Court erred in finding that American General's rejection of Dev-Anand Maharajh's November 8, 2009 change of beneficiary request was objectively reasonable.

4.  Whether the "other action we take" clause is so broad and ambiguous that it must be construed against American General, and in favor of the insured.

## STATEMENT OF THE CASE

### I. <u>Nature of the Case</u>

American General Life Insurance Company ("American General") filed this interpleader action due to competing claims for death benefits filed on behalf of O.H.M.[1] and by Lisa Maharajh (hereinafter "Lisa") under a $ 1 Million life insurance policy issued by American General to Decedent, Dev-Anand Maharajh, (hereinafter "Dev-Anand") on October 23, 2003. Docs 1, 1-1. O.H.M. is Dev-Anand's daughter from a prior marriage, Doc. 51-1, Pg. 2, ¶ 3, and Lisa is Dev-Anand's widow. Doc. 54, Pg. 1, ¶ 2.

### II. <u>Procedural History</u>

Concurrently with her Answer[2], Lisa Maharajh filed a counterclaim against American General, alleging breach of contract. Doc. 35, Pgs. 5-10,

---

[1] O.H.M. was still a minor at the time the complaint was filed, and so is identified by her initials throughout the pleadings and papers below. Although she reached the age of majority shortly before the judgment appealed from was entered, she will continue be referred to as "O.H.M." throughout this brief as she is throughout most of the record.

[2] Lisa's prior counsel initially filed a Motion to Dismiss the Interpleader, arguing that the District Court should defer to the state probate court, in which a parallel proceeding was pending. Doc. 20. The magistrate judge's report and recommendation was to deny the motion, Doc. 25, and the District Court confirmed, approved and adopted the report, denying the motion and ordering Lisa to file an answer to the complaint. Doc. 26.

Docs 35-1, 35-2, 35-3. American General moved to dismiss the counterclaim,

Docs 38, 38-38-1, 38-2, and Lisa filed an amended counterclaim, Doc. 40, Docs

40-1 through 40-4. American General then moved to dismiss the amended

counterclaim, Docs 42, 42-1, to which Lisa responded. Doc. 47. The

magistrate judge granted the motion to dismiss in part and denied it in part,

dismissing the Amended Complaint without prejudice, and allowing Lisa 21

days within which to replead her counterclaim, if legally possible.[3] Doc. 60.

O.H.M. filed a Motion for Summary Judgment, Docs. 51, 51-1, 51-2 and

51-3. In response to O.H.M.'s motion, Lisa filed an affidavit, Docs. 54, 54-1,

54-2 and 54-3, a response in opposition with incorporated memorandum of

law, Docs. 56, 56-1 and 56-2, and a Statement of Disputed Facts, Docs. 57 ad

---

Although part of the procedural history, Lisa and her current counsel do not assert those positions here, nor is that order part of this appeal.

[3] The magistrate's order was entered on December 8, 2021, just eight days before the District Court's Order granting O.H.M.'s Motion for Summary Judgment, and nine days before the Final Judgement was entered in favor of O.H.M.. Lisa included the magistrate's Order of December 8, 2021 in her Notice of Appeal only to preserve the balance of the 21 days to replead her amended counterclaim should she be able and inclined to do so if should the summary judgment be reversed on appeal and the case remanded. Lisa is not seeking to reverse or vacate the magistrate's Order in this appeal.

57-1. After oral argument, Doc. 70, the District Court granted O.H.M.'s motion. Doc. 62.

### III. <u>Statement of the Facts</u>

American General issued a $ 1 Million life insurance policy, number YS0021403, to Decedent, Dev-Anand Maharajh, (hereinafter "Dev-Anand") on October 23, 2003. Docs 1-1; 51-1, ¶ 1. At the policy's inception, the Dev-Anand named his wife Jennifer Maharajh as primary beneficiary and any children born to that marriage as contingent beneficiaries. Docs 1-1, Pg. 21; Doc. 51-1, ¶ 2. In July, 2008, while pending divorce from Jennifer, Dev-Anand submitted a change of beneficiary form to American General, making their daughter ("O.H.M."), who had been born subsequent to the purchase of the policy, 100% beneficiary and naming Jennifer as trustee for O.H.M. under the Minor Beneficiary Clause. Doc. 1-2, Pg. 2. Decedent then divorced Jennifer Maharajh on September 22, 2008 and married Lisa Maharajh a year later, on September 27, 2009. Doc. 51-1, at ¶¶ 4-5.

On November 8, 2009, Dev-Anand submitted a written, signed change of beneficiary form to American General, notifying American General of a permanent address change to 1703 Winsloe Drive in Trinity, Florida and naming his new wife, Lisa, as 75% primary beneficiary and his daughter,

O.H.M., as 25% primary beneficiary, and in the section of the form for "Beneficiary Designations – Contingent," Dev-Anand named his daughter, O.H.M., as a 50% beneficiary and named Lisa's daughter from her prior relationship, A.M., as 50% beneficiary. Doc. 1-4, Pg. 2. Dev-Anand had signed the request as the owner of the policy and dated it November 8, 2009. Doc. 1-4, Pg. 3. On the same date, Dev-Anand submitted an Electronic Funds Authorization to American General, signed and dated by both him and Lisa Maharajh, permitting premium payments for the policy to be drawn from their joint checking account monthly. Doc. 54, Pg. 2, ¶ 5, Doc. 54-2.

American General received the Change of Beneficiary request from Dev-Anand on November 11, 2009. *See* Requests for Admission and Response, Doc. 56-1, Pgs. 10-11, #5, and Pg. 11, #6.

On November 17, 2009, American General generated a letter to Dev-Anand stating, in part:

> *We are unable to complete your request until such time as the item(s) below have been resolved:*
>
> - *Separate parties should be assigned for primary and contingent beneficiary designations.*
> - *Please provide the relationship of the new contingent beneficiary (A_M_)to the insured.*

> *Please complete, sign and date the enclosed change form(s) and return it to our office.*

Doc. 1-5, Pg. 2 (the name "A_M_" redacted from original). The enclosed change forms consisted of a blank copy of the form completed by Dev-Anand on November 9, 2009, and two pages of "Instructions and Conditions." Doc. 1-5, Pgs. 3-6. The November 17, 2009 letter (Doc. 1-5, Pg. 2) is addressed to Dev-Anand at 1703 Winsloe Drive in Trinity, Florida—the address Dev-Anand designated as a "permanent address change" in his November 8, 2009 change of beneficiary request (Doc. 1-4, Pg. 2). Also on November 17, 2009, American General generated a second letter addressed to Dev-Anand at the 1703 Winsloe Drive address, stating in part:

> *We received your request to update our records on the above contract.*
>
> *Our records have been updated as follows:*
>
> *Insured      Dev Anand A Maharajh*
>
> *Owner       Dev Anand A Maharajh*
> *1703 Winsloe Drive*
> *Trinity FL 34655-4941*

Doc. 56-2, Pg. 4.

There is no evidence Dev-Anand ever responded to the November 17, 2009 regarding American General's comments about the November 8, 2009 change of beneficiary request.[4]

Dev-Anand died on April 21, 2020. Doc. 1, Pg. 3, ¶ 13, Doc. 10, Pg. 2, ¶ 13, Doc. 35, Pg. 3, ¶ 13.   Dev-Anand had paid all premiums that were billed to him by American General for the subject policy until his death on April 21, 2020. Doc. 56-1, Pg. 12, #9.

Following Dev-Anand's death, American General received a Proof of Death Claimant's Statement dated April 27, 2020, signed by Lisa Maharajh, Doc. 1, Pg. 3, ¶ 14, Doc. 1-6, Pgs. 2-10, Doc. 10, Pg. 2, ¶14, Doc. 35, Pg. 3, ¶ 14, and also received a Proof of Death Claimant's Statement dated May 28, 2020 on behalf of O.H.M., signed by her mother, Jennifer Spicer, as parent and legal guardian. Doc. 1, Pg. 4, ¶ 16, Doc. 1-8, Pgs. 2-13, Doc. 10, Pg. 2, ¶ 16, Doc. 35, Pg. 3, ¶ 16.

## IV. <u>Standard of Review</u>

---

[4] Lisa does not argue on appeal as to whether American General's November 17, 2009 letter was actually delivered to Dev-Anon, in light of Florida's "mailbox rule," and because that issue is not essential for her to prevail.

This Court reviews a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1255 (11th Cir. 2007). Interpretation of an insurance policy is a question of law, reviewed de novo. James River Ins. Co. v. Ground Down Eng'g., Inc., 540 F. 3d 1270, 1274 (11th Cir., 2008).

A litigant is entitled to summary judgment only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Protective Life Ins. Co. v. Walker, No. 8:09-cv-363-T-EAJ at 2, (M.D. Fla. Jan. 7, 2010) citing Fed. R. Civ. P. 56(c). In considering these materials, courts generally must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the [summary judgment] motion." Id. citing Scott v. Harris, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (citation and internal quotation marks omitted) (alteration in original). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." United States Life Ins. Co. v. Logus Mfg. Corp., 845 F. Supp. 3d 1303, 1311 (S.D. Fla. 2012) citing Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 255, 106 S. Ct. 2505,

91 L. Ed. 2d 202 (1986). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference then introduces a genuine issue of material fact, then the court should not grant the summary judgment motion." Bray & Gillespie v. Valiant Ins. Co., No. 6:00-cv-1389-Orl-22C, 2002 U.S. Dist. LEXIS 25338, at *5 (M.D. Fla. 2002) citing Augusta Iron and Steel Works v. Employers Ins. Of Wausau, 835 F. 2d 855, 856 (11th Cir. 1988).

## SUMMARY OF THE ARGUMENT

Lisa contends that the District Court erred because Dev-Anand did strictly comply with the terms of the policy expressly dealing with the owner's right to change the beneficiary, as required by Florida law. In order to effectively change beneficiaries, Dev-Anand had to strictly comply with the policy provisions governing such changes but was not held to strict compliance with additional terms in documents such as American General's "Change of Beneficiary" form that are not part of the policy. While the policy was in force, he sent written notice, which he signed on November 8, 2009 as the individual owner of the policy, to American General. That notice provided specific information sufficient for American General to identify his chosen primary beneficiaries and to act on that request. It sufficiently

identified Lisa as his wife, and provided her Social Security number, and it sufficiently identified O.H.M. as his child, and confirmed her Social Security number, which was already in American General's system since she was previously designated primary beneficiary in 2005. The request also gave the percentages each was to receive as the primary beneficiaries. The policy does not require a specific form be used for such changes, and the change of beneficiary form provided by American General is not part of the contract, so it cannot be used to impose additional terms on the insured.

American General did not specifically reserve unto itself certain conditions under which it could reject Dev-Anand's beneficiary change request, and the "subject to other action we take before recording" clause is so vague and ambiguous, it must be construed against American General under Florida law.

The District Court erred in stating two different standards for determining strict compliance, neither of which has been adopted by Florida courts, and both of which are actually misstatements of Florida law. The District Court cited LaFrance in stating, "To establish strict compliance, one must show that the insured (1) manifested to the insurer a clear intent of a desire to change the beneficiary designation and (2) took substantial

affirmative steps to effectuate that change." Doc. 62 at 7, citing Lincoln Benefit v. LaFrance, 2017 WL 4861308 at *3 (M.D. Fla Sept. 18, 2017) (quoting U.S. Life Ins. Co. in the City of N.Y. v. Logus Mfg. Corp., 845 F. Supp. 2d 1303, 1314 (S.D. Fla. 2012)). The standard stated by the District Court, and cited by LaFrance as a "quote" from Logus, as to what constitutes "strict compliance" is actually the test for substantial compliance, which is decidedly not the law in Florida:

> Moreover, the doctrine of strict compliance differs vastly from the doctrine of substantial compliance employed by other states. Under the doctrine of substantial compliance, even where an attempted change of beneficiary fails to strictly comply with the policy's terms, a court of equity may still enforce the change. A party arguing for substantial compliance typically must prove that: "(1) the policy owner manifested a clear intent to the insurer of a desire to change the beneficiary and to designate the new beneficiary; and (2) the owner has taken substantial affirmative action to effectuate the change."

Logus, 845 F. Supp 2d at 1314 (quoting 16 Lee Russ in conjunction with Thomas F. Segalla, Couch on Insurance § 60:31 (3d Ed. 2011). While clearly a misstatement of Florida law, which the District Court accepted as true, it does not appear that the District Court actually applied this erroneous standard to the instant case. While that error may be harmless as to Lisa, it is nonetheless an improper statement of the law, and should be corrected

before other courts begin to apply it as gospel. The other standard, however, is equally incorrect and was in fact applied to the facts of this case.

The District Court erred by finding that "Decedent's failure to submit an amended form as requested suggests that he had not taken all necessary steps and done all in his power to effect a change of beneficiary, as is required under Florida's strict compliance doctrine." First, American General's letter requesting Dev-Anand submit "an amended form" is not part of the policy, and so it's not a term requiring strict compliance. Second, the implication that the insured has to "take all necessary steps" and "do all in his power," (*see* Doc. 62, Pg. 11) is a misstatement by the <u>Logus</u> court of the holding in <u>Sheppard v. Crowley</u>. The standard attributed to the <u>Crowley</u> court by <u>Logus</u> actually comes from language rejecting that equitable standard, which led Florida to adopt the contractual standard of strict compliance.

Finally, nothing in the policy limits the time frame for American General to accept and record a change of beneficiary request. Even the death of the insured does not nullify the request — the policy says "when we record the change (not "if"), it will take effect as of the date the owner signed the notice. If American General's November 17, 2009 letter is taken at face value,

it doesn't outright reject Dev-Anand's change request of November 8th—it says, "We are unable to complete your request until such time as the item(s) below have been resolved," and raises two questions about the contingent beneficiaries. Those items were resolved upon Dev-Anand's death, and since both primary beneficiaries are alive and identifiable, respectfully, this court should reverse the summary judgment and direct American General to go on to complete Dev-Anand's request, record the change, and distribute the policy accordingly.

## ARGUMENT

I. <u>The District Court erred in finding that Lisa Maharajh failed to meet her burden of proving Dev-Anand's November 8, 2009 change of beneficiary request strictly complied with the policy terms.</u>

In diversity cases, federal courts apply the substantive law of the forum state. *See* <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Florida law requires strict compliance with the terms of an insurance policy pertaining to changes of beneficiaries. <u>O'Brien v. McMahon</u>, 44 So. 3d 1273, 1278 (Fla. 1st DCA 2010) (citing <u>Brown v. Di Petta</u>, 448 So. 2d 561, 562 (Fla. 3d DCA 1984) (citing <u>Gerstel v. Arens</u>, 196 So. 616

(Fla. 1940); <u>Warren v. Prudential Ins. Co. of Am.</u>, 189 So. 412 (Fla 1939); <u>Sheppard v. Crowley</u>, 55 So. 841 (Fla., 1911)).

Under Florida law, the right of an insured to change the beneficiary of a life insurance policy depends on the terms of the contract between the insured and the life insurance company, as expressed in the insurance policy. <u>O'Brien v. McMahon</u>, 44 So. 3d 1273, 1277 (Fla. 1st DCA 2010) <u>citing</u> <u>Martinez v. Saez</u>, 650 So. 2d 668, 669 (Fla. 3d DCA 1995) (quotations omitted). Contract principles apply to interpretation of an insurance policy. <u>O'Brien</u>, 44 So. 2d at 1277 <u>citing</u> <u>Am. Strategic Ins. Co. v. Lucas-Solomon</u>, 927 So. 2d 184, 186 (Fla. 2d DCA 2006). "In construing a contract, the court should consider its plain language and take care not to give the contract any meaning beyond that expressed. When the language is clear and unambiguous, it must be construed to mean 'just what the language therein implies and nothing more." <u>O'Brien v. McMahon</u>, 44 So. 3d 1273, 1277 (Fla. 1st DCA 2010) <u>quoting</u> <u>Walker v. State Farm Fire & Casualty Co.</u>, 758 So. 2d 1161, 1162 (Fla. 4th DCA 2000) (citations omitted).

> A.    <u>Only the insurance policy, and nothing else, sets forth the terms with which the owner/insured must strictly comply in order to change a beneficiary.</u>

In this case, the American General policy defines what constitutes the contract between the company and the insured:

### The Contract

*The entire contract consists of this policy, any riders and endorsements, the attached copy of the original application and any amendments or supplemental applications.*

Doc. 1-1, Pg. 9. Nothing other than the documents specified in that provision are part of the contract, and the policy is but one part of that contract. But it is the terms set forth in the policy, and in no other part of the contract, that govern the insured's right to change beneficiaries. O'Brien v. McMahon, 44 So. 3d 1273, 1277 (Fla. 1st DCA 2010) citing Martinez v. Saez, 650 So. 2d 668, 669 (Fla. 3d DCA 1995). Martinez also draws the distinction between the application and the policy. In that case, the decedent made his wife the beneficiary of a life insurance policy. Subsequent to their divorce, the decedent signed and dated a change of beneficiary form, naming his parents as the beneficiaries, and gave his sister the completed form for mailing to the insurer. Just over a week later, the decedent was killed in a car accident before his sister mailed the change request. The former wife filed a claim, and ten days later the parents sent the change of beneficiary request to the insurer, which filed an interpleader action due to the competing claims.

15

Martinez v. Saez, 650 So. 2d 668 at 669 (Fla. 3d DCA 1995). In Martinez, the policy stated that the contract consisted of the policy; the application; and any riders. The policy also stated that a change in the policy was only binding on the company if made in writing by an officer of the company. The former wife argued that the change in beneficiary was a change in the policy, which required a written change by an officer of the company, and since that had not occurred, she was entitled to the insurance proceeds. Id. at 670. The court disagreed, noting the distinction drawn between the contract and the policy in the section defining the elements of the contract. The court pointed out that the original beneficiary was named in the application, which is part of the contract, but separate from the policy, and so a change of beneficiary did not change the policy, because the original beneficiary was not named in the policy. Id. at 670-671.

B.   Dev-Anand did strictly comply with the terms in the policy governing change of beneficiaries.

In the instant case, the entire policy contains a single paragraph discussing beneficiary changes, and it contains only five essential terms for an owner to change a beneficiary:

**Change of Owner or Beneficiary**
"While this policy is in force the owner may change the beneficiary

or ownership <u>by written notice</u> <u>to us</u>. When we record the change, it will take effect as of the date <u>the owner signed the notice</u>, subject to any payment we make or other action we take before recording."

Doc. 1-1, Pg. 9 (emphasis added). This provision sets forth the <u>only</u> policy terms imposed upon Dev-Anand Maharajh with respect to changing a beneficiary: (1) the policy must be in force; (2) the change can only be made by the owner; (3) the request to change a beneficiary must be in writing; (4) the request must be delivered to American General; and (5) it must be signed by the owner. <u>Id.</u>

On November 8, 2009, Dev-Anand submitted a written, signed change of beneficiary form to American General, notifying American General of a permanent address change to 1703 Winsloe Drive in Trinity, Florida and naming his new wife, Lisa, as 75% primary beneficiary and his daughter, O.H.M., as 25% primary beneficiary, and in the section of the form for "Beneficiary Designations – Contingent," Dev-Anand named his daughter, O.H.M., as a 50% beneficiary and named Lisa's daughter from her prior relationship, A.M., as 50% beneficiary. Doc. 1-4, Pg. 2. Dev-Anand had signed the request as the owner of the policy and dated it November 8, 2009. Doc. 1-4, Pg. 3. On the same date, Dev-Anand submitted an Electronic Funds Authorization to American General, signed and dated by both him and Lisa

Maharajh, permitting premium payments for the policy to be drawn from their joint checking account monthly. Doc. 54, Pg. 2, ¶ 5, Doc. 54-2.

American General received the Change of Beneficiary request from Dev-Anand on November 11, 2009. *See* Requests for Admission and Response, Doc. 56-1, Pgs. 10-11, #5, and Pg. 11, #6.

The foregoing facts clearly demonstrate Dev-Anand's strict compliance with the policy terms, and his November 8, 2009 request should be recorded and honored.

C.  <u>The district court judge improperly applied a standard for measuring strict compliance set forth in *Logus* which is a misstatement of Florida law based on dicta, rather than the holding of the Florida Supreme Court in *Sheppard v. Crowley.*</u>

The District Court cited <u>LaFrance</u> in stating, "To establish strict compliance, one must show that the insured (1) manifested to the insurer a clear intent of a desire to change the beneficiary designation and (2) took substantial affirmative steps to effectuate that change." Doc. 62 at 7, <u>citing Lincoln Benefit v. LaFrance</u>, 2017 WL 4861308 at *3 (M.D. Fla Sept. 18, 2017) (quoting <u>U.S. Life Ins. Co. in the City of N.Y. v. Logus Mfg. Corp.</u>, 845 F. Supp. 2d 1303, 1314 (S.D. Fla. 2012)).

The standard stated by the District Court, and cited by LaFrance as a "quote" from Logus, as to what constitutes "strict compliance" is actually the test for substantial compliance, which is decidedly not the law in Florida:

> Moreover, the doctrine of strict compliance differs vastly from the doctrine of substantial compliance employed by other states. Under the doctrine of substantial compliance, even where an attempted change of beneficiary fails to strictly comply with the policy's terms, a court of equity may still enforce the change. A party arguing for substantial compliance typically must prove that: "(1) the policy owner manifested a clear intent to the insurer of a desire to change the beneficiary and to designate the new beneficiary; and (2) the owner has taken substantial affirmative action to effectuate the change."

Logus, 845 F. Supp 2d at 1314 (quoting 16 Lee Russ in conjunction with Thomas F. Segalla, Couch on Insurance § 60:31 (3d Ed. 2011). While clearly a misstatement of Florida law, which the District Court accepted as true, it does not appear that the District Court actually applied this erroneous standard to the instant case. While that error may be harmless as to Lisa, it is nonetheless an improper statement of the law, and should be corrected before other courts begin to apply it as gospel.

In analyzing O.H.M.'s motion for summary judgment, the District Court Judge stated:

> A change of beneficiary will typically be deemed complete when the insured "has taken all steps necessary, and

19

> *otherwise done all in his power, to effect a change of beneficiary, and all that remains to be done is some ministerial duty" on the part of the insurer.*

Doc. 62, Pg. 7, (citing United States Life Ins. C. v. Logus Mfg. Corp., 845 F. Supp. 2d 1303 at 1315 (S.D. Fla. 2012) (in turn citing Sheppard v. Crowley, 55 So. 841, 842 (Fla. 1911)). Then, in granting the motion for summary judgment, the District Court Judge found: "Decedent's failure to submit an amended form as requested suggests that he had not taken all necessary steps and done all in his power to effect a change of beneficiary, as is required under Florida's strict compliance doctrine." Doc. 62, Pg. 11. In this, the District Court erred in two ways.

First, it gives American General's November 17, 2009 letter the weight and status of a policy term, requiring strict compliance, where neither such letters nor beneficiary forms are part of the "contract" or the "policy" as defined in the policy itself. *See* Doc. 1-1, Pg. 9. The District Court thereby imposed a duty on Dev-Anand to submit "an amended form" where the policy does not require any specific "form" at all. This was argued below, but to no avail. *See* Doc. 70, Pg. 13, Lines 10-17.

Second, the District Court imposed standards for strict compliance on Dev-Anand that are misstatements of Florida law by the Lafrance and Logus

courts. In discussing the burden of the proponent of a beneficiary change to

prove strict compliance, the Logus court stated:

> While the exact definition of strict compliance must
> necessarily vary from one contract to another, Florida courts
> have held that a change of beneficiary is complete when the
> insured "has taken all steps necessary, and otherwise done all
> in his power, to effect a change of beneficiary, and all that
> remains to be done is some ministerial duty on the part of the
> [insurer]."

United States Life Ins. C. v. Logus Mfg. Corp., 845 F. Supp. 2d 1303 at 1315

(S.D. Fla. 2012) (citing Sheppard v. Crowley, 55 So. 841, 842 (Fla. 1911)). In

Sheppard v. Crowley, the Florida Supreme Court established the rule that in

Florida, beneficiary changes in an insurance policy require strict compliance

with the policy terms, and several Florida courts have cited Crowley for that

holding. See Warren v. Prudential Ins. Co., 189 So. 412, 413 (Fla. 1939); Miller

v. Gulf Life Ins. Co., 12 So. 2d 127, 129 (Fla. 1943); Shuster v. N.Y. Life Ins.

Co., 351 So. 2d 62, 64 (Fla. 3d DCA 1977); Brown v. DiPetta, 448 So. 2d 561,

562 (Fla. 3d DCA 1984).  However, Crowley does not define strict compliance

as stated in Logus, and as subsequently adopted by the District Court judge

in this case. A closer reading of Crowley reveals that the language cited by

Logus is not the holding of the court, but mere dicta, in which the court

declined to apply the stated equitable rule in favor of the contracts-based rule of strict compliance. The full passage from Crowley states:

> *We do not think* this question controlled by the principle that if the [insured] has taken all the steps necessary and otherwise done all in his power to effect a change of beneficiary, all that remains to be done is some purely ministerial duty on the part of the [insurance company], the change will be regarded as complete. The act here required to be done by the company not being a mere ministerial act the principle just stated *does not apply*.

Sheppard v. Crowley, 55 So. 841, 842 (Fla. 1911) (emphasis added) (citing Freund v. Freund, 75 N.E. Rep., 925 (Ill., 1905)). Like misquoted standard in LaFrance, the Logus standard is not the law in Florida, and should not have been applied in this case.

II.    <u>The District Court erred in finding that American General's refusal to accept Dev-Anand's change of primary beneficiaries was objectively reasonable.</u>

O.H.M. contended there were multiple additional defects with the beneficiary change request that were not even asserted by American General. However, those are not part of the record evidence and should not be considered, especially where American General had neither complained of them, nor adopted them. *See* O'Brien v. McMahon, 44 So. 3d 1273 (Fla. 1st DCA 2010).

A. <u>Dev-Anand's change of beneficiary request sufficiently identified his designated primary beneficiaries to allow American General to act on the request.</u>

Dev-Anand's request to change his beneficiaries sufficiently identified Lisa as his wife, and provided her Social Security number, and it sufficiently identified O.H.M. as his child, and confirmed her Social Security number, which was already in American General's system since she was previously designated primary beneficiary in 2005. The request also gave the percentages each was to receive as the primary beneficiaries. Dev-Anand did not submit any change to the Minor Beneficiary Clause, because O.H.M.'s mother Jennifer was already in American General's system as trustee from the previous beneficiary change in 2008, when O.H.M. was the 100% primary beneficiary. The policy does not require a specific form be used for such changes, and the change of beneficiary form provided by American General is not part of the contract, so nothing in the form can be used to impose additional terms on the insured.

In applying an objectively reasonable test to a term in a policy requiring the insured submit the change request in "a form that meets our needs," the court in <u>O'Brien v. McMahon</u>, 44 So. 3d 1273 (Fla. 1st DCA 2010)

held that the phrase "plainly requires that a beneficiary request contain enough information to allow [the insurer] to act on the request." Id. at 1279. Such is the case here, and American General had sufficient information to act on the request as to Dev-Anand's primary beneficiaries

    B.  <u>The "other action we take" clause is so broad and ambiguous, that it should be construed against American General and in favor of the insured.</u>

In <u>Ruderman v. Wash. Nat'l Ins. Corp.</u>, 671 F. 3d 1208 (11th Cir. 2012) this court considered an ambiguous term in a life insurance policy, and certified a question with three sub-parts to the Florida Supreme Court. <u>Ruderman</u>, 671 F. 3d at 1212. The sub-question pertinent to the instant case was: "If an ambiguity exists in this insurance policy—as we understand it does—should courts first attempt to resolve the ambiguity by examining available extrinsic evidence?" Id.

The Florida Supreme Court answered that question with a firm and unequivocal "no":

> *We . . . hold, consistent with our precedent, that where a contract of insurance is ambiguous, it is to be liberally construed in favor of coverage and strictly against the insurer.*
>
> *. . .*
>
> *Under Florida law, because the policy is ambiguous, it must be construed against the insurer and in favor of*

> *coverage without resort to consideration of extrinsic evidence.*

<u>Wash. Nat'l. Ins. Co. v. Ruderman</u>, 117 So. 3d 943, 951-952 (Fla. 2013).

The court also held:

> *We recognize that "[u]nless restricted by statute or public policy, insurance companies have the same right as individuals to limit their liability and impose conditions upon their obligations." (citing <u>Canal Ins. v. Giesenschlag</u>, 454 So. 2d 88, 89 (Fla. 2d DCA 1984). However, the insurance company has a duty to do so clearly and unambiguously.*

<u>Wash. Nat'l. Ins. Co. v. Ruderman</u>, 117 So. 3d 943, 951 (Fla. 2013).

In the present case, American General's "other action we take" clause is obviously designed to "limit their liability and impose conditions on their obligations," but it fails to do so clearly and unambiguously, and so it should be construed against American General and liberally in favor of the insured.

C.   <u>Nothing in the policy precludes American General from recording the November 8, 2009 beneficiary change request now, which would make it effective as of the date signed by Dev-Anand.</u>

The "Change of Owner or Beneficiary" provision of the policy requires written notice from the owner to the company "while this policy is in force." Doc. 1-1, Pg. 9. That provision goes on to state: "When we record the change, it will take effect as of the date the owner signed the notice, subject to any

payment we make or other action we take before recording." Id. That language does not place an expiration date on the beneficiary change request. The policy does not terminate the ability to effect the requested change upon the death of the owner - it relates the change back to "the date the owner signed the notice," once the company "records" the change.

Here, there is no dispute that Dev-Anand was the owner of the policy, or that he signed and sent written notice of a change in beneficiaries to American General while the policy was in force. American General acknowledged receipt of the notice (*see* Requests for Admission and Response, Doc. 56-1, Pgs. 10-11, #5, and Pg. 11, #6) but has not yet recorded it. The policy does not limit the time for recording such changes. Doc. 1-1. In fact, even the November 17, 2009 letter from American General addressed to Dev-Anand clearly states:

> *We are unable to complete your request until such time as the item(s) below have been resolved:*
>
> - *Separate parties should be assigned for primary and contingent beneficiary designations.*
>
> - *Please provide the relationship of the new contingent beneficiary (A__M_)to the insured.*

Doc. 1-5, Pg. 2 (emphasis added). The November 17, 2009 letter does not permanently <u>reject</u> the change of beneficiary request—it clearly suspends further processing "until such time as the [questions involving the contingent beneficiaries] have been resolved." <u>Id</u>. Therefore, once those questions "have been resolved," the request can be completed, and the change "recorded," to take effect "as of the date the owner signed the notice" under the strict terms of the policy. Lisa submits that any questions set forth in the November 8, 2009 letter were resolved on April 21, 2020, when Dev-Anand died. Because both primary beneficiaries identified in the November 8, 2009 change of beneficiary request - Lisa and O.H.M. - survived the owner / insured, all questions or concerns American General may have had regarding contingent beneficiaries became moot. In Florida, as long as all other policy terms are strictly complied with, where a policy contains a provision that a beneficiary change is considered effective as of the date the owner signs the request, the death of the insured will not prevent the change from taking effect. <u>See</u> <u>Kurz v. New York Life Ins. Co.</u>, 168 So. 2d 564 at 567 (Fla. 1st DCA 1964) (finding that notice of change of beneficiary signed and mailed by the insured to the insurer's agent several days before his death, but not received by the insurer until after insured's death related back to the

date notice was signed under the terms of the policy, and was effective); Shuster v. New York Life Ins. Co., 351 So. 2d 62 (Fla. 3rd DCA 1977) ("Nowhere in the policy is there any provision that the notice of change of beneficiary must be mailed by the insured prior to his death in order to effect such a change." . . . "By the strict terms of the policy, the change became effective upon the date of execution of the change by the insured. The fact that the insured had died prior to the mailing of the notice pursuant to the insured's instructions, or the endorsement on the policy by New York Life, is of no significance under the strict terms of the policy.") Id. at 64-65.

## CONCLUSION

In light of the foregoing, Lisa Maharajh respectfully requests that this court reverse the District Court's summary judgment entered in favor of O.H.M, and find that the November 8, 2009 beneficiary change request strictly complied with the terms of the insurance policy, and directing

American General to record the change and make it effective as of November

8, 2009, and directing the District Court to distribute the interpled funds in

accordance with that beneficiary change.

Date:  April 1, 2022

**MICHAEL E. BEAM, ESQUIRE**
DORAN, BEAM & FARRELL, P.A.
6641 Madison Street
New Port Richey, Florida 34652
(727) 846-1000
Attorneys for Appellant,
LISA MAHARAJH

## CERTIFICATE OF COMPLIANCE

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.  **Type-Volume**

    This document complies with the word limit of FRAP 32(g)(1), because, excluding the parts of the document exempted by FRAP 32(f), this document contains *7678* words.

2.  **Typeface and Type-Style**

    This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6)

    _____
    **MICHAEL E. BEAM, ESQUIRE**
    Attorney for Defendant/Appellant,
    LISA MAHARAJH

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing has been furnished via email to **David P. Donahue, Esquire** and **Louis F. Mendez, Esquire**, Bressler, Amery & Ross, P.C., 2001 Park Place, Suite 1500, Birmingham, Alabama 35203; email: <u>lmendez@bressler.com</u>; **Joel J. Ewusiak, Esquire**, 12191 W. Linebaugh Avenue, #755, Tampa, Florida 33615-4501; email: <u>joel@ewusiaklaw.com</u>; and **Michael J. Hoover, Esquire**, Interpleader Law, LLC, 9015 Bluebonnet Boulevard, Baton Rouge, Louisiana 70810; email: <u>Michael.hoover@interpleaderlaw.com</u>,   this 1st day of April, 2022.


I ALSO HEREBY CERTIFY that on this same date, I sent via Federal Express delivery a package containing the original and four (4) copies of Defendant - Appellants' Opening Brief to the Clerk of the U.S. Court of Appeals for the Eleventh Circuit at the following address: Clerk of the Court Elbert P. Tuttle Courthouse 56 Forsyth Street, N.W. Atlanta, GA 30303

**MICHAEL E. BEAM, ESQUIRE**
DORAN, BEAM & FARRELL, P.A.
6641 Madison Street
New Port Richey, Florida 34652
(727) 846-1000
Email: <u>pleadings@pascolawteam.com</u>
Florida Bar No: 087106
Attorney for Defendant/Appellant,
LISA MAHARAJH